UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-03414 DMG (FMOx)** | Date | April 22, 2011 |
|---|---|---|---|

| Title | ***Juan Dominguez v. Wachovia Mortgage, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

On April 21, 2011, Plaintiff Juan Dominguez filed a complaint against Defendants Wachovia Mortgage, Golden West Savings Association Service Co., Does "I" through "X," and Roe corporations "I" through "V." Plaintiff claims to be the "fee owner" of real property located in Moreno Valley, California and challenges the validity of Defendants' foreclosure thereon. (Compl. ¶¶ 1, 8.)  Plaintiff seeks injunctive and declaratory relief.  (*Id*. at 5-6.)

It is a "bedrock principle" that federal district courts are courts of limited jurisdiction. *Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009) (citing *Cary v. Curtis*, 44 U.S. (3 How.) 236, 244, 11 L.Ed. 576 (1845)).  Therefore, this Court has an obligation to examine *sua sponte* whether it has jurisdiction over the subject matter of this lawsuit.  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir. 1998)).

Plaintiff invokes this Court's original jurisdiction based on 28 U.S.C. §§ 1331, 1333, 1337, and 1343, as well as "GAAP" and the "Federal Reserve Board Regulation."[1] (Compl. at 1-2.)  Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  The complaint, however, raises no questions of federal law.  Thus, Section 1331 does not apply.  Similarly, 28 U.S.C. § 1337 does not apply because the complaint does not arise under any act of Congress.  Section 1343 likewise does not apply because Plaintiff does not allege that Defendants deprived him of a federal civil right.

---

[1] Plaintiff invokes the Court's supplemental jurisdiction over his state law claims based on 28 U.S.C. § 1367 and the Uniform Commercial Code.  Because Plaintiff establishes no basis for the Court's original jurisdiction, Section 1367 does not permit the Court to exercise supplemental jurisdiction.  The Uniform Commercial Code does not confer jurisdiction on federal courts.  *See Ayenu v. Chevy Chase Bank, F.S.B.*, 496 F. Supp. 2d 607, 609 (D. Md. 2007).

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-03414 DMG (FMOx)** | Date | April 22, 2011 |
| Title | *Juan Dominguez v. Wachovia Mortgage, et al.* | Page | 2 of 2 |

   Pursuant to 28 U.S.C. § 1333, district courts have jurisdiction over admiralty and related cases. Plaintiffs' complaint does not involve maritime commerce, a prize taken into the United States, or events occurring on the high seas. Section 1333 therefore does not provide a jurisdictional basis. The Court is uncertain what Plaintiff means when he asserts "GAAP" and "Federal Reserve Board Regulation" as bases for jurisdiction.

   Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of jurisdiction. Plaintiff shall file his response by **May 6, 2011**.

**IT IS SO ORDERED.**